UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUDES ISIDORE<br>1313 Sterling St.<br>Philadelphia, PA 19111<br><br>Plaintiff,<br><br>v.<br><br>SMITHFIELD BEEF GROUP -<br>SOUDERTON, INC.  d/b/a MOPAC<br>249 Allentown Road<br>PO Box 64395<br>Souderton PA 18964-0395<br><br>Defendant. | REPRESENTATIVE/COLLECTIVE<br>& CLASS ACTION<br><br>NO: _____ |

## CIVIL ACTION COMPLAINT

Plaintiff, Judes Isidore, (hereinafter referred to as "Plaintiff" unless indicated otherwise) hereby complains as follows against Smithfield Beef Group-Souderton, Inc. d/b/a MOPAC (hereinafter "Defendant" unless indicated otherwise), and avers as follows:

## INTRODUCTION

1. This action has been initiated by Plaintiff on behalf of Plaintiff and other similarly situated employees against Defendants for violations of the Fair Labor Standards Act (FLSA), and the Pennsylvania Wage Payment and Collection Law (WPCL). As a direct consequence of Defendant's actions, Plaintiff has suffered damages as set forth herein.

2. Plaintiff brings this matter as a representative action for claims under the FLSA.

3. Plaintiff brings this matter as a class action for claims under the WPCL.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction because Plaintiff has filed a federal claim under the Fair Labor Standards Act, a federal law. This Court has supplemental jurisdiction over Plaintiff's state law claim in that it arises out of the same nucleus of operative facts as the federal claim(s).

5. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

6. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this District, and Defendants operate a principle place of business in this District.

## PARTIES

7. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

8. Plaintiff is an adult individual with address as set forth above.

9. Defendant is a Pennsylvania corporation which operates the largest beef processing plant east of Chicago.

10. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## **CLASS ACTION ALLEGATIONS**

11. All claims for actual damages under Pennsylvania Wage Protection Collection Law ("WPCL") (Second Cause of Action) are brought by the Plaintiff on behalf of himself and all other similarly situated persons.

12. Class claims for actual damages under the WCPL are brought pursuant to Fed. RR. Civ. P. 23(a) and 23(b)(3). For the purpose of these claims, the class consists of all non-exempt employees of Defendants who, between January 18, 2005 and the present, worked beyond 40 hours per week; and were not paid proper overtime compensation.

13. The precise number of individuals in the class is known only to the Defendants. The class is believed to include many individuals as Defendant employs more than 1,500 people. Joinder of all class members is impracticable.

14. There are questions of law and fact common to the class.

15. The claims of the Plaintiff are typical of the claims of the class. The failure of Defendants to comply with the WCPL served to deprive all class members of the protections of the WCPL.

16. Plaintiff will fairly and adequately protect the interests of the class.

17. The common claims set forth in the Second Cause of Action predominate over any questions affecting only individual class members.

18. The Plaintiff's interests in the claims set forth in the Second Cause of Action are in no way antagonistic or adverse to those of other class members.

19. A class action under Fed. R. Civ. P. 23(b)(3) is superior to other available methods of adjudicating the claims set forth in Counts II because, inter alia:

    a.    Common issues of law and fact, as well as the relatively small claim of each class member, substantially diminish the interest of members of the class in individually controlling the prosecution of separate actions;

    b.    Many of the class members are unaware of their rights to prosecute these claims and lack the means or resources to secure legal assistance;

    c.    There has been no litigation already commenced by members of the class to determine the questions presented; and

    d.    A class action can be managed without undue difficulty since Defendants have regularly committed the violations complained of herein and were required to maintain detailed records concerning each member of the class.

## FACTUAL BACKGROUND

20. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

21. Plaintiff has worked for Defendant for more than three (3) years.

22. Plaintiff's most recent position with Defendant was that of "Safety Assistant."

23. Plaintiff's previous position with Defendant was "electrician supervisor."

24. Despite the word "supervisor" appearing in his title, Plaintiff duties were primarily manual labor.

25. Neither in Plaintiff's position as "electrician supervisor" nor as "safety assistant" could Plaintiff hire or fire employees.

26. Neither in Plaintiff's position as "electrician supervisor" nor as "safety assistant" did Plaintiff have any significant discretion in the aspects of the job he performs.

27. Upon information and belief, Defendant maintained and continues to maintain a policy wherein it does not pay overtime to Plaintiff or other similarly situated employees on weeks when they work beyond forty (40) hours.

28. Plaintiff and other similarly situated employees were scheduled and forced to work beyond forty (40) hours per week without receiving any overtime pay.

29. Plaintiff and other similarly situated employees have not received overtime pay for overtime hours they have worked for Defendant, and their paystubs only reflect a forty (40) hour work week.

30. Plaintiff and other similarly situated employees have complained on numerous occasions to management about their lack of overtime pay and lack of compensation for being required to work beyond forty hours per week.

## Count I
## Violations of the Fair Labor Standards Act
### (against all Defendants)

31. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

32. At all times relevant herein, Defendant has and continues to be an employer within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203 ("FLSA").

33. At all times relevant herein, Plaintiff and other similarly situated employees were employed with Defendant as "employees" within the meaning of the FLSA.

34. Under the FLSA, an employer must pay employees for each and every hour worked.

35. Under the FLSA, an employee is protected and may not be retaliated against for complaining about a violation under the FLSA.

36. Defendant's violations of the FLSA include, but are not limited to: not paying Plaintiff and other similarly situated employees overtime for the weeks they worked more than forty (40) hours.

37. As a direct, proximate, and actual cause of Defendant's actions, Plaintiff and other similarly situated employees have suffered damages, including but not limited to past lost earnings and future lost earnings.

### Count II
### Pennsylvania Wage Payment and Collection Law
(against all Defendants)

38. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

39. Defendants' actions, as aforesaid, constitute violations of the WPCL.

40. As a direct, proximate, and actual cause of Defendants' actions, Plaintiff and other similarly situated employees have suffered damages.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom in violation of the FLSA.

B. Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom in violation of the WPCL.

C. Defendant is to compensate, reimburse, and make Plaintiff and other similarly situated employees whole for any and all pay and benefits they would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff and other similarly situated employees

should be accorded those benefits illegally withheld (if determined that there are such benefits) from the January 18, 2005 until the date of the verdict.

D. Plaintiff and other similarly situated employees are to be awarded liquidated damages pursuant to FLSA and the WPCL.

E. Plaintiff and other similarly situated employees are to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate;

F. Plaintiff and other similarly situated employees are to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

G. Any verdict in favor of Plaintiff and other similarly situated employees is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law.

Respectfully submitted,

**KARPF, KARPF & VIRANT**

By: _____
Ari R. Karpf, Esq.
Justin L. Swidler, Esq.
Attorneys for Plaintiff

Dated: January 18, 2008